NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIM LYNCH, | No. 22-16979 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-02932-EMC |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted December 7, 2023[**]
San Francisco, California

Before: S.R. THOMAS, BRESS, and JOHNSTONE, Circuit Judges.

Kim Lynch appeals the district court's grant of summary judgment in favor

of her former employer, the City and County of San Francisco ("the City"), on her

nine claims of discrimination and retaliation brought under 42 U.S.C. § 1983;

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940(a), (h), (j), and (k); and California's healthcare whistleblower statute, Cal. Health & Safety Code § 1278.5(d)(1). We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment de novo. *Opara v. Yellen*, 57 F.4th 709, 721 (9th Cir. 2023). We view the evidence in the light most favorable to Lynch, the nonmoving party, to determine whether there are any genuine issues of material fact. *Id.* Because the parties are familiar with the facts, we do not recite them here. We affirm.

The district court did not err in granting summary judgment on Lynch's disparate treatment claims because she failed to make out a prima facie case. Even assuming she suffered an adverse employment action, she failed to show she was "similarly situated in all material respects" to the employees she claims were treated more favorably. *Moran v. Selig*, 447 F.3d 748, 756 (9th Cir. 2006); *see also Gupta v. Trs. of Cal. State Univ.*, 253 Cal. Rptr. 3d 277, 285 (Ct. App. 2019) (comparator evidence for FEHA claim must show plaintiff is similarly situated "in all relevant respects").

The district court properly granted summary judgment on Lynch's retaliation claims for failure to establish a causal link between her protected activity and any adverse employment action, as was required to make out a prima facie case. *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1196–97 (9th Cir.

2

2003), *as amended* (May 8, 2003); *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005). "That an employer's actions were caused by an employee's engagement in protected activities may be inferred from 'proximity in time between the protected action and the allegedly retaliatory employment decision.'" *Ray v. Henderson*, 217 F.3d 1234, 1244 (9th Cir. 2000) (quoting *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987)). That inference, however, depends on some showing that the relevant decision maker was aware of the protected activity, which Lynch did not make. *See Raad*, 323 F.3d at 1197; *Morgan v. Regents of Univ. of Cal.*, 105 Cal. Rptr. 2d 652, 669 (Ct. App. 2000). Her whistleblower claim fails for the same reason. *See* Cal. Health & Safety Code § 1278.5(d)(1) (rebuttable presumption requires knowledge of the complaint).

Summary judgment on Lynch's hostile work environment claims was proper. To be actionable as a hostile work environment claim, the harassment must be "sufficiently severe or pervasive to alter the conditions of . . . employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)); *see Sheffield v. Los Angeles Cnty. Dep't of Soc. Servs.*, 134 Cal. Rptr. 2d 492, 498 (Ct. App. 2003) (same under FEHA). "[C]onduct must be extreme to amount to a change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). Lynch has not raised a genuine issue of material

fact that the workplace was so hostile as to create an abusive working environment. *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004).

Lynch makes no argument that the district court erred in granting summary judgment on her § 1983 disparate impact claim or her state failure to prevent discrimination claim, Cal. Gov't Code § 12940(k), therefore those issues are forfeited. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929–30 (9th Cir. 2003). Finally, because Lynch did not raise a genuine issue of material fact that the City violated her constitutional rights, we need not reach the issue of the City's municipal liability under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978).

**AFFIRMED.**